**Opinion filed January 16, 2020**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-19-00233-CR & 11-19-00234-CR

_____

## VICTORIA HARTSFIELD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause Nos. C-17-0509-CR & D-17-1977-CR**

## MEMORANDUM OPINION

Appellant, Victoria Hartsfield, originally pleaded guilty to the state jail felony offenses of possession of a controlled substance and forgery. Pursuant to the terms of the plea agreements, the trial court deferred a finding of guilt in each case, placed Appellant on community supervision for three years, and assessed a fine of $1,000 and $2,000, respectively. The State filed a motion to adjudicate Appellant's guilt in each cause. At a hearing on the State's motions, Appellant pleaded true to all of the State's allegations. The trial court found all of the allegations to be true; revoked

Appellant's community supervision; adjudicated Appellant guilty of the charged offenses; assessed her punishment at confinement for two years in a state jail facility in each cause, to run concurrently, and a fine of $1,000 and $2,000, respectively; and imposed previously entered fees and costs. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw in each cause. Each motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. In each cause, counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and the reporter's record. Counsel advised Appellant of her right to review the records and file a response to counsel's briefs. Counsel also advised Appellant of her right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has filed pro se responses to counsel's *Anders* briefs. Appellant requests that a new attorney be appointed to represent her and that she be permitted to finish out her community supervision. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the records, we agree with counsel that no arguable grounds for appeal exist.[1]

The motions to withdraw are granted, and the judgments of the trial court are affirmed.

PER CURIAM

January 16, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.